NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2007[*]
Decided February 22, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2368

| | |
|---|---|
| MICHAEL J. HALL,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Western District of Wisconsin |
| *v.* | No. 05-C-710 |
| MICHAEL J. ASTRUE,<br>    *Commissioner of Social Security*. | John C. Shabaz,<br>*Judge*. |

## O R D E R

Michael Hall applied for Disability Insurance Benefits in June 2000, claiming disability due to post-traumatic stress disorder ("PTSD") and anxiety disorder from serving in Vietnam. In February 2001 Hall also applied for Supplemental Security Income. His claims were denied initially, upon reconsideration, and after a hearing before an ALJ. The ALJ found that Hall was not disabled because he was capable of performing substantial gainful activity. The district court affirmed the ALJ's decision and we affirm the judgment of the district court.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, this appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

At the time of his administrative hearing in 2001, Hall was 51 years old and was receiving partial benefits from the Veterans Administration ("VA") for a "30% service-connected disability for anxiety neurosis." From the time he was honorably discharged from the military in 1970 until the onset of his alleged disability, Hall held over 60 different construction-related jobs including carpenter, laborer, roofer, and steel-worker. In 1994, 1996, and 1997, Hall was treated for alcohol dependence, alcohol-withdrawal delirium, anxiety disorder, PTSD, panic disorder with agoraphobia, and depression.

In conjunction with a previous application for disability benefits, Hall underwent a psychological evaluation in 1998 and was diagnosed with alcohol dependency, PTSD, and a "[p]ersonality [d]isorder, not otherwise specified with schizoidal and paranoidal features." While serving a 28-month prison sentence for drunk driving in 1999, however, he began to address these conditions. He began seeing Milo Gordon, a mental health therapist, and started attending group therapy for Vietnam veterans. His family physician reported in December 1999 that his anxiety was stable, his alcohol dependence in remission, and his PTSD under treatment.

Between February 2000 and August 2001, Hall was evaluated by two state agency psychologists and two clinical psychologists from the VA medical center. The doctors all agreed that Hall suffered from some anxiety related to his experiences in Vietnam, but that he could nevertheless live independently, work daily as a carpenter, attend Alcoholics Anonymous meetings, and go fishing. The doctors also opined that his anxiety disorder and panic attacks only minimally affected his ability to work, and that his impairments did not meet a listing level. In addition, both VA clinical psychologists noted after conducting several diagnostic tests that the overall results were inconsistent with Hall's interview answers and other information in his record and indicated that Hall was exaggerating his symptoms.

Three experts were called to testify at Hall's administrative hearing in December 2001. First, Gordon testified consistently with the reports he had previously prepared. Then a non-examining clinical psychologist testified that, based on his review of the record, he would diagnose Hall with anxiety and personality disorders and alcohol dependency in remission. He added, however, that Hall's impairments did not meet a listing , and that he would not diagnose Hall with PTSD. Finally, a vocational expert ("VE") testified that Hall's past jobs were semi-skilled and that the exertion level of his jobs was typically heavy, but that based on the ALJ's hypothetical requiring Hall to avoid ladders and dangerous machinery, he could not perform any of his past relevant work. Nevertheless, the VE stated, there were approximately 177,000 other jobs in Wisconsin that a person with Hall's limitations could perform.

The ALJ concluded that Hall was not disabled. Following the five-step analysis detailed in 20 C.F.R. § 404.1520, the ALJ reserved a finding (because Hall had not submitted 2001 tax return forms or wage records) on whether Hall had engaged in substantial gainful activity since December 15, 1999 (Step One), and concluded that Hall had severe mental impairments (Step Two). The ALJ next concluded that Griffin's impairments did not satisfy any of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Step Three). According to the ALJ, Hall's impairments did not preclude him from performing simple, routine, repetitive, low-stress work activities at any exertional level so long as he avoided hazardous machinery and dangerous heights. The ALJ also determined that Hall could not perform the work that he had done in the past (Step Four), but he still could perform a substantial number of jobs in the national economy and therefore was not disabled under the Social Security Act. (Step Five). The Appeals Council declined review, and the ALJ's decision became the final decision of the Commissioner of Social Security. The district court affirmed the decision.

On appeal Hall first argues that the ALJ failed to discuss "relevant medical evidence" or articulate any rationale for discrediting his testimony or finding that his mental impairment did not meet or equal a listing level. Hall contends that the ALJ disregarded assorted examination notes from doctors diagnosing him with PTSD, alcohol dependence, panic disorder, interrupted sleep, emotional anxiety, and depression in partial remission.

Although the ALJ may not have specifically cited all of these notes, the ALJ did consider other evidence in the record that covered similar terrain. In his decision, the ALJ relied upon Gordon's reports, as well as the examination notes from a medical consultant, a state agency psychologist, two VA clinical psychologists, and Hall's treating psychologist in noting that Hall had been diagnosed with anxiety disorder, panic attacks, and PTSD, that he had a history of alcohol abuse, and that he "becomes stressed and has problems with anger and mistakes when he is pushed by a boss." The ALJ also considered Hall's own testimony of increased anxiety and panic attacks, but noted that Gordon, as well as Hall's treating psychologist, opined that Hall was working consistently and cared for his daily needs; that his PTSD and anxiety disorder were both considered stable; and that he had not required a change in his medications. The ALJ further noted that the medical consultant's report stated that Hall's impairments did not meet a listing, a conclusion that is supported by several other reviewing psychologists in the record. As we have previously explained, an ALJ is not required to evaluate every piece of testimony and evidence, *see Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004), and we find that the ALJ's determination with respect to Step Three was supported by substantial evidence.

Hall next contends that the ALJ's hypothetical questions to the vocational expert ("VE") did not adequately address all of his limitations and that therefore the ALJ erred in concluding that Hall could perform a significant number of jobs in the economy. Specifically, Hall argues that the ALJ's hypothetical should have included his inability to work more than three days a week.

When an ALJ relies on a vocational expert's testimony, the hypothetical questions must incorporate all of the claimant's limitations supported by medical evidence in the record. *See Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004); *Young v. Barnhart*, 362 F.3d 995, 1003 (7th Cir. 2004). Here, the ALJ's hypothetical properly ignored Hall's contention that he could only work three days a week because it lacked medical support in the record; Gordon opined that Hall's main interest was in working eight to ten hours a day, and both a medical consultant and a state agency psychologist noted that Hall had been working regularly, and was only moderately limited in his ability to complete a normal workday and workweek. Thus, the ALJ's hypothetical question properly focused only on the credible limitations supported by the medical evidence including Hall's anxiety working with contractors under pressure, his difficulties working on ladders and taking measurements, and his limited ability to tolerate complex, detailed work.

Finally, Hall argues that his case should be remanded for consideration of additional evidence. Hall points to a psychiatric examination from 2004 that concluded—based on his own statements that his anxiety disorder and panic attacks were "getting worse over time" and that he found it difficult to maintain employment—that he was "significantly impaired by predominantly anxiety symptoms . . . to the extent that employment is nearly impossible." Hall adds that the VA relied upon these findings to conclude in a 2005 decision that Hall met the criteria for a 70% rating for psychiatric disability and for a total disability rating as of 1996.

Under sentence six of 42 U.S.C. § 405(g), a remand is warranted when new evidence becomes available, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Here, Hall's 2004 psychiatric examination does not present any new and material evidence. The examination's conclusion that he cannot work regularly primarily relies on the very testimony the ALJ discredited during Hall's administrative hearing, and the report's conclusions based on his psychological test results are consistent with the medical evidence the ALJ considered. Furthermore, the Commission is not bound by a disability determination made by another agency such as the VA. 20 C.F.R. § 404.904; *Allord v. Barnhart*, 455 F.3d 818, 820 (7th Cir. 2006).

AFFIRMED.